

**Dated: March 7, 2019**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | Case No. 18-13948-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 19-01016-JDL |
| | ) | |
| California Department of Insurance, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING CASE**

**I. Introduction**

This is an adversary proceeding brought by Debtor Bruce Dwain Copeland ("Copeland") against the California Department of Insurance (the "Department") seeking declaratory and injunctive relief pertaining to the Department's allege failure or refusal to provide Copeland with an insurance license. Before the Court for consideration *sua sponte*

is Copeland's *Complaint For: Abuse of Power, Declaratory Releif* (sic) *and Injunctive Releif*
(sic) filed on February 13, 2019 (the "Complaint") [Doc. 1].  Pursuant to Fed.R.Bankr.P.
7052 and 9014[1], the below constitutes the Findings of Fact and Conclusions of Law upon
which the Court bases this Order to dismiss Copeland's adversary proceeding.

## II.  Background

Copeland's Complaint alleges three Counts: abuse of power, declaratory relief and
injunctive relief.  Count 1 for "abuse of power" alleges that the Department "abused its
power and has caused Plaintiff Copeland to suffer harm."  There are absolutely no
elucidating facts alleged as to the nature of the "abuse of power."  Count 2 for declaratory
relief alleges that the Department "is refusing to provide the necessary documents that he
needs to proceed with a new license."  Again, there are no other facts alleged supporting
this claim.  Count 3 for injunctive relief alleges that the Department "has willfully and
maliciously delayed his right to work and make a living."  No facts supporting this Count are
alleged.

On October 4, 2018, Copeland filed an action against the Department and fourteen
(14) other defendants in the United States District Court for the Central District of
California.[2]  As against the Department and two other defendants (including the California

---

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure
or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless
otherwise indicated.

[2] *Bruce Dwain Copeland v. California Department of Insurance et al.*, United States District
Court for the Central District of California, Case No. 18-CV-08557-FMO-MAA.  Although Copeland
names  fourteen (14) specific Defendants, he includes as the fifteenth defendant (John) "Does 1-
100 and "sues these defendants by such fictitious names" with the right to amend his complaint to
allege the true names and capacities when ascertained.

This Court is entitled to take judicial notice of both its own docket sheets and other state
or federal court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007).

State Contractors Licensing Board), Copeland alleged a Cause of Action (Eleventh Cause of Action) for "abuse of power".[3]  That Cause of Action alleges "the State Agencies along with the Designated employee have created barriers and obstacles against Plaintiff to avoid Plaintiff obtaining professional licenses without just cause."[4]  No other facts supporting the abuse of power claim are set forth.

Prior to the time the Department was served in the California litigation, two defendants filed Motions to Dismiss Copeland's Complaint pursuant to Rule 12 (b)(6) for failure to state a claim for relief.  On February 11, 2019, the Court entered an Order granting the defendants' Motions to Dismiss dismissing Copeland's Complaint with leave to amend.[5]  The Court found that "the Complaint fails to provide the factual underpinnings of plaintiff's claims", and failed to meet the Rule 12(b)(6) standard to "allege facts in his or her complaint which are 'sufficient to raise a plausible entitlement to relief'." (citing *Warden v. Walkup*, 2012 WL 5835359,*3 (D. Ariz. 2012)).  The Court instructed that "Plaintiff is further cautioned that under the Eleventh Amendment of the United States Constitution, 'neither a State nor agencies acting under its control may be subject to suit in federal court' absent a waiver of their sovereign immunity." *(citing Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 114, 113 S.Ct. 684, 687-88 (1993)).  The Court's order provided that "[i]f plaintiff still wishes to pursue this action, he is granted until

---

[3] As to the other defendants, Copeland alleged causes of action for fraud, deformation (sic), breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of implied contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, unfair business practices, civil conspiracy, embezzlement and negligence. [Case No. 18-CV-08557, Doc. 1].

[4] Case No. 18-CV-08557, Doc.1, ¶ 32.

[5] *Order Re: Motions*, Case No. 18-CV-08557, Doc. 35.

February 20, 2019, to file a first amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendants' Motions."[6]  Rather than amending his *Complaint*, on February 11, 2019, Copeland filed his *Notice of Appeal* to the United States Court of Appeals for the Ninth Circuit.[7]  The appeal remains pending.

### III. Discussion

Copeland's Complaint in the case before this Court is clearly deficient and could not survive a Rule 12(b)(6) motion to dismiss or this Court's *sua sponte* authority to dismiss the case for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts to state a cause of action that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  In *Twombly*, the Supreme Court ruled that a complaint "does not need detailed factual allegations," but must contain "enough facts to state a claim to relief that is *plausible on its face*." *Id*. (Emphasis added).  In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Id*.

Not only has Copeland failed to provide any facts supporting his "abuse of power" claim of its face, there is no freestanding, common-law cause of action for abuse of power/authority under the laws of Oklahoma, California or federal law.  *Cf. Jefferies v. District of Columbia,* 917 F.Supp.2d 10, 57 (D. D.C. 2013); *Bravo v. Bexar County,Texas*, 2014 WL 1155302 (S.D. N.Y. 2014); *O'Bradovich v. Village of Tuckahoe*, 325 F.Supp.2d

---

[6] *Id*., Case No. 18-CV-08557, pg. 3, ¶ 5.

[7] Case No. 18-CV-08557, Doc. 36; 9th Circuit Court of Appeal Docket No. 19-55174.

413, 426 (S.D. N.Y. 2004) ("'abuse of power' is not an independently cognizable claim for § 1983 purposes"); *Williams v. Temple Univ*ersity, 2011 WL 2516234 at *10, n. 4 ("there is no cause of action for 'abuse of power'...under Pennsylvania law"); *Marshall v. Richardson Properties*, 2010 WL 889530 * 3 (D. W.D. Ky. 2010) ("There is no federal 'abuse of power' cause of action."); *Riley v. Camp,* 130 F.3d 958, 974 (11th Cir. 1997) ("This reduces the Due Process Cause to nothing more than a catch-all provision that creates a cause of action for any abuse of government power.  This is not a principled rule; this is not a workable rule of law.").[8]

While sufficient grounds exist for dismissal of Copeland's Complaint, there is both a practical and substantive problem which needs to be addressed prior to dismissing this case at this stage of the proceeding.  Were the Court to dismiss Copeland's Complaint for failure to state a claim with leave to amend, the amended complaint would in all probability present the Court with the same issue of accepting jurisdiction where there is a concurrent

---

[8] Copeland filed another action in the United States District Court for the Central District of California against the California State Contractors Licensing Board in which his "abuse of power" claim was denied.  *Copeland v. California State Contractors Licensing Board and Does 1-100,* United States District Court for the Central District of California, Case No. 17-CV-08767, 2018 WL 3203040 (D. C.D. Cal. 2018).  In this action, Copeland alleged that his lawsuit "arises from Plaintiff's inability to get copies or any type of explanation of the alleged citations that are being used to deny plaintiff Copeland the right to take the State Exam."  Copeland asserted four causes of action: under (1) 42 U.S.C. § 1983 for violating his 14th Amendment right to due process, (2) the "California Freedom of Information Act," (3) Title VII of the Civil Rights Act of 1964 prohibiting racial discrimination in employment, and (4) "abuse of power."  The court accepted the Report and Recommendation of the Magistrate Judge dismissing Copeland's lawsuit with prejudice.  The Court construed the "abuse of power claim" as part of his 14th Amendment due process claim.  The Court dismissed that claim finding that "there is no private right of action under the 14th Amendment; constitutional claims for damages must be asserted under 42 U.S.C. § 1983."  The Court also found that the immunity barring federal subject matter jurisdiction under the "Eleventh Amendment applies to suits against state agencies and state officials sued in their official capacity 'for all types of relief,' including declaratory judgment and injunctive relief." (citing *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. (1999)).  In the present case, Copeland would be barred by the Eleventh Amendment from suing the California Department of Insurance.

case on file in the California federal courts. "[T]he 'first to file' rule... pertains when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit." *United States ex rel. Brown Minneapolis Tank Co. v. Kinley Construction Co.,* 816 F.Supp.2d 1139, 1149-50 (D. N.M. 2011) (quoting *Lipari v. U.S. Bancorp NA,* 345 Fed.Appx. 315, 317 (10th Cir. 2009)). The first-to-file doctrine recognizes that "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965) (also stating that "[t]he first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated."); *Buzas Baseball, Inc. v. Board of Regents of the University System of Georgia*, 189 F.3d 477, at *2 (10th Cir. 1999) (first-to-file rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result"). "To aid in achieving this goal, the 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." *Id.; In reTelluride Global Development, LLC*, 380 B.R. 585, 592-93 (10th Cir. BAP 2007).

The first-to-file rule does not require identity of claims, since "there need be only substantial overlap for the actions to be duplicative and to thus implicate the first-to-file rule." *Wallace B. Roderick Revocable Living Trust* v. *XTO Energy, Inc.*, 679 F.Supp.2d 1287, 1298 (D. Kan. 2010); *In re Com21, Inc.*, 357 B.R. 802, 807 (Bankr. N.D. Cal. 2006)

("substantial similarity between the actions is enough"). The second-filed court within the Tenth Circuit has discretion to either apply the doctrine or to decide whether an exception applies. *The Cherokee Nation v. Nash*, *et al.,*724 F.Supp.2d 1159, 1167 (N.D. Okla. 2010); *Mohawk Field Services v. WPT LLC*, 2014 WL 580140 (N.D. Okla. 2014) ("The first to file rule is a 'discretionary doctrine'...").

Copeland's claims in the present action are, to the best that the Court can discern, despite the bare-bones, conclusory and devoid of uninformative allegations, are the identical or substantially the same as he asserted against the Department in the United States District Court for the Central District of California proceeding discussed above. While Copeland joined additional parties in the California action, courts look to whether the primary parties in both actions are the same. See *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc*., 179 F.R.D. 264, 270 (C.D. Cal.1998).

The Department is central to the dispute. The California action is much farther along than the case before this Court, having already been dismissed and an appeal lodged. From a forum non conveniens standpoint, the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses militate in favor of this Court applying the first-to-file rule and defer to the California Federal District Court. This is not a core proceeding, and the bankruptcy court and the Federal District Court have concurrent jurisdiction. In determining whether the bankruptcy court has continuing "related to" jurisdiction, the Court finds the indicia of "forum-shopping" to be an important factor. "All courts should attempt to protect both the state and federal court systems from the illegitimate gamesmanship involved in forum

shopping." *In re Encompass Services, Corp*., 337 B.R. 864, 876 (Bankr. S.D. Tex. 2006) (citing *In re Republic Reader's Service, Inc*., 81 B.R. 422, 428 (Bankr. S.D. Tex.1987). Copeland has filed at least three other adversary proceedings in this Court mirroring actions which he has filed in California state or federal courts. Considering these factors, the Court finds that the first-to-file rule applies to this case and dismissal of this adversary is the appropriate action.

**IT IS THEREFORE ORDERED** that Plaintiff Copeland's *Complaint for: Abuse of Power, Declaratory Relief and Injunctive Relief* [Doc.1] is hereby **Dismissed.**

**# # #**